IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CALVIN ROBINSON,<br><br>　　　　Plaintiff,<br><br>　- v. -<br><br>CITY OF CLEVELAND, et al.,<br><br>　　　　Defendants. | Civil Case No.<br><br>JUDGE<br><br>**ANSWER OF DEFENDANTS CITY OF CLEVELAND, MICHAEL McGRATH, AND ANGELO CALVILLO** |

For their Answer to Plaintiff Calvin Robinson's Complaint, Defendants City of Cleveland, Michael McGrath,[1] and Angelo Calvillo (collectively, "Defendants"), state as follows:

## INTRODUCTION

1.　Defendants admit the Plaintiff purports to bring this action pursuant to Ohio Revised Code § 4112.02 and § 4112.99 and the Fourteenth Amendment to the United States Constitution and deny the remaining averments in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2.　The averments in Paragraph 2 of Plaintiff's Complaint call for legal conclusions that require no response. To the extent a response is required, Defendants deny the averments in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.　Defendants admit that Plaintiff is an African American male and that Plaintiff was terminated on May 13, 2014 from his employment as a firefighter with the City of Cleveland.

---

[1] Plaintiff misspelled Defendant McGrath's name in the caption of the Complaint.

Defendants deny for want of knowledge that Plaintiff is a citizen of the City of Cleveland, State of Ohio. Plaintiff's averment that he "is a member of a protected class" is vague and calls for a legal conclusion that requires no response. To the extent a response is required, Defendants deny that averment. Defendants deny all other averments in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the averments in Paragraph 4 of Plaintiff's Complaint.

5. The phrases "at all relevant times" and "fair, constitutional and non-discriminatory manner" are vague and undefined. To the extent a response is required, Defendants admit Defendant Michael McGrath is the Director of Public Safety for the City of Cleveland, that he has a certain level of authority over the Division of Fire, and that Plaintiff purports to sue him in his official capacity. Defendants deny all other averments in Paragraph 5 of Plaintiff's Complaint.

6. The phrases "at all relevant times" and "fair, constitutional and non-discriminatory manner" are vague and undefined. To the extent a response is required, Defendants admit Defendant Angelo Calvillo is the Chief of the Division of Fire for the City of Cleveland, that he has certain supervisory responsibility for firefighters in the Division of Fire, and that Plaintiff purports to sue him in his official capacity. Defendants deny all other averments in Paragraph 6 of Plaintiff's Complaint.

**Count I
CAUSE OF ACTION AGAINST
DEFENDANT CITY OF CLEVELAND**

7. Defendants incorporate by reference all of their admissions, denials, and averments from the preceding Paragraphs, as if fully restated herein.

8. Defendants admit Plaintiff's employment as a firefighter with the City of Cleveland was terminated on or about May 13, 2014. Defendants deny all other averments in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the averments in Paragraph 9 of Plaintiff's Complaint.

10. The phrase "common practice" is vague and undefined. To the extent a response is required, Defendants state that the collective bargaining agreement ("CBA") between the City of Cleveland and the International Association of Fire Fighters Local 93 speaks for itself. Answering further, Plaintiff's allegation regarding the Fair Labor Standards Act calls for a legal conclusion that requires no response. Defendants admit that the International Association of Fire Fighters Local 93 represents firefighters employed by the City of Cleveland and that shift trades did occur prior to and during Plaintiff's employment with the City of Cleveland. To the extent a further response is required, Defendants deny all other averments in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the averments in Paragraph 11 of Plaintiff's Complaint.

12. The phrase "common practice" is vague and undefined. To the extent a response is required, Defendants state that, on July 20th and July 21, 2011, the City of Cleveland issued directives to individuals, including Plaintiff, informing them they were not authorized to engage in any trades of time. Defendants deny all other averments in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the averments in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the averments in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the averments in Paragraph 15 of Plaintiff's Complaint.

16. The phrase "shift trading practice" is vague and undefined. To the extent a response is required, Defendants deny the averments in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit that the City of Cleveland conducted an investigation of firefighters' abuses relating to shift trading and that it disciplined firefighters for such abuses. Defendants deny all other averments in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the averments in Paragraph 18 of Plaintiff's Complaint.

19. The phrases "minority" and "member of a protected" are vague and undefined. To the extent a response is required, Defendants admit that 13 firefighters were disciplined for their abuses relating to shift trading.  Defendants deny for want of knowledge whether Plaintiff was the only "minority" of those 13 firefighters, and deny all other averments in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that Plaintiff was terminated on May 13, 2014 for his criminal and administrative abuses relating to shift trading and deny all other averments in Paragraph 20 of Plaintiff's Complaint.

21. The phrase "shift trading arrangement" is vague and undefined.  To the extent a response is required, Defendants deny the averments in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the averments in Paragraph 22 of Plaintiff's Complaint.

### Count II
### CAUSE OF ACTION FOR RACIAL DISCRIMINATION

23. Defendants incorporate by reference all of their admissions, denials, and averments from the preceding Paragraphs, as if fully restated herein.

24. Defendants deny the averments in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the averments in Paragraph 25 of Plaintiff's Complaint.

## Count III
## CAUSE OF ACTION FOR RACIAL DISCRIMINATION
## AGAINST DEFENDANT McGRATH

26. Defendants incorporate by reference all of their admissions, denials, and averments from the preceding Paragraphs, as if fully restated herein.

27. The phrase "fair, legal, constitutional and non-discriminatory manner" is vague and undefined. To the extent a response is required, Defendants admit Defendant Michael McGrath is the Director of Public Safety for the City of Cleveland, that he has a certain level of authority over the Division of Fire, and that he is authorized to appoint firefighters and administer certain levels of discipline to them. Defendants deny all other averments in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the averments in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the averments in Paragraph 29 of Plaintiff's Complaint.

## Count IV
## CAUSE OF ACTION FOR RACIAL DISCRIMINATION
## AGAINST DEFENDANT CALVILLO

30. Defendants incorporate by reference all of their admissions, denials, and averments from the preceding Paragraphs, as if fully restated herein.

31. Defendants deny that Defendant Angelo Calvillo is the Interim Chief of the Division of Fire. Defendants state that the phrase "fair, non-discriminatory manner" is vague and undefined. Defendants admit all other averments in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the averments in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the averments in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny each and every allegation not specifically admitted herein.

35. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted or for which the damages sought can be awarded.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he does not have clean hands.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the doctrines of res judicata, collateral estoppel, and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they were adjudicated and resolved through binding arbitration. The Opinion of the Arbitrator is attached hereto and incorporated herein by reference. See Exhibit 1 (May 15, 2015 Opinion of Arbitrator Hyman Cohen).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to binding arbitration pursuant to a collective bargaining agreement and his claims are therefore preempted.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants are entitled to all available common law and statutory immunities.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability on all or part of Plaintiff's claims pursuant to Ohio Revised Code Chapter 2744.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity on all or part of Plaintiff's claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to all or part of the relief sought.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of after-acquired evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because he failed to exhaust his administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations or contractual limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, or consent.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants have, at all relevant times herein, acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any decisions made with respect to Plaintiff were made for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages and/or attorneys' fees and costs, and Plaintiff's prayers for such relief should be denied.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to mitigate his damages and other relief claimed, or, in the alternative, the damages and other relief claimed are limited to the extent Plaintiff has failed to mitigate the same.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages, if any, are barred or must be reduced on account of Ohio Rev. Code § 2315.21.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or must be reduced on account of Ohio Rev. Code §§ 2315.18, 2315.20, and 2315.21.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by Ohio Revised Code Chapter 4117.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to adhere to Civ. R. 10(D).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks equitable relief, his request is barred because he has adequate remedies at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional defenses as the case proceeds.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss the Complaint in its entirety with prejudice and grant Defendants such other relief as may be appropriate and as ordered by this Court.

Dated: June 13, 2016

Respectfully submitted,

*s/ Jon M. Dileno*
Jon M. Dileno (Ohio Bar No. 0040836)
jmd@zrlaw.com
David P. Frantz (Ohio Bar No. 0091352)
dpf@zrlaw.com
ZASHIN & RICH CO., L.P.A.
950 Main Ave., 4th Floor
Cleveland, Ohio 44113
Tel.: (216) 696-4441
Fax: (216) 696-1618

*s/ William M. Menzalora*
William M. Menzalora (Ohio Bar No. 0061136)
WMenzalora@city.cleveland.oh.us
Chief Assistant Director of Law
City of Cleveland
601 Lakeside Ave., Room 106
Cleveland, Ohio 44114
T: (216) 664-2800
F: (216) 664-2663

*Attorneys for Defendants City of Cleveland, Michael McGrath, and Angelo Calvillo*

**JURY DEMAND ENDORSEMENT**

A trial by the maximum number of jurors permitted by law is hereby requested.

*s/ Jon M. Dileno*
Jon M. Dileno (Ohio Bar No. 0040836)
jmd@zrlaw.com

*Attorney for Defendants City of Cleveland, Michael McGrath, and Angelo Calvillo*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016 a copy of the foregoing document was filed with the Court's electronic filing system and will be served upon all parties via the Court's electronic filing system. In addition, I also hereby certify that I caused the foregoing document to be served via regular U.S. Mail and email on June 13, 2016 on the following:

James L. Hardiman
3615 Superior Avenue, Suite 3101-D
Cleveland, Ohio 44114
attyjhard@aol.com

*Attorney for Plaintiff*

                                        *s/ Jon M. Dileno*
                                        Jon M. Dileno (Ohio Bar No. 0040836)
                                        jmd@zrlaw.com

                                        *Attorney for Defendants City of Cleveland,*
                                        *Michael McGrath, and Angelo Calvillo*